**IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be by document filed with the Clerk of Court.**

RECEIVED
IN ALEXANDRIA, LA.
FEB 1 9 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MALIK ALQADR IHSAN,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 09-CV-00903 |
| VERSUS | |
| TIMOTHY WILKINSON, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff Ihsan was ordered to pay the filing fee in the above-captioned case, pursuant to 28 U.S.C. § 1915, because he has "three strikes." Instead, Ihsan filed a response in opposition (Doc. 15) in which he alleged he is in "imminent danger" of serious physical injury. Ihsan contends that, when he refused to submit to an anal body cavity search in front of female guards, prison officials at Winn Correctional Center ("WCC") in Winnfield, Louisiana, maced him until he became unconscious and fell, cutting his forehead.

If a litigant abuses the IFP privilege, as evidence by three "strikes" (dismissals for frivolousness), Section 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full. When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse. In order to implement this

statutory scheme, the court must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP. Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998). Also, Choyce v. Dominguez, 160 F.3d 1068 (5th Cir. 1998).

Ihsan's allegations are inadequate to show imminent danger of serious physical injury as they clearly allege a past event which came about due to Ihsan's refusal to obey an order to submit to a cavity search. Ihsan has not alleged any "imminent danger of serious physical injury." Compare, King v. Livingston, 212 Fed. Appx. 260, 261 (5th Cir. 2006), cert. den., 550 U.S. 921, 127 S.Ct. 2135 (2007). Moreover, Ihsan cannot satisfy the requirements of this section by deliberately refusing orders until the guards must use force in order to gain his compliance. Ihsan cannot create an "imminent danger of serious physical injury" by provoking a physical confrontation with guards in order to escape the three strikes rule. See Argetsinger v. Ritter, 2009 WL 3201088, *10 (D. Colo. 2009)(citing two N.D. Texas reports and recommendations). Consequently, Ihsan fails to meet the showing required to avoid application of the three strikes bar under Section 1915.

Since Ihsan has failed to pay the filing fee by the January 26, 2010, extended deadline imposed by this court, his complaint should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that

2

Ihsan's complaint be DISMISSED WITHOUT PREJUDICE for failing to pay the filing fee as ordered.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE